UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS FELIZ,

                    Plaintiff,

   - against -

METROPOLITAN TRANSPORTATION
AUTHORITY,

                    Defendant.

**OPINION AND ORDER**

16 Civ. 9555 (ER)

Ramos, D.J.:

      Luis Feliz ("Plaintiff" or "Feliz") brings this action against his employer, Metropolitan Transportation Authority ("Defendant" or "MTA"), alleging employment discrimination on the basis of his gender and national origin. He alleges that Defendant's actions violated Title VII of the Civil Rights Act of 1964, New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL"). Before the Court is Defendant's motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court hereby DISMISSES Plaintiff's Amended Complaint, without prejudice.

## I. Background[1]

      Plaintiff is a Hispanic male and is fluent in Spanish. Am. Compl. ¶¶ 2, 28. Plaintiff has been employed as a Police Officer by the MTA Police Department since 2003. *Id.* ¶¶ 18–19.

---

[1] In ruling on a motion to dismiss pursuant to Rule 12(b)(6) a district court generally must confine itself to the four corners of the complaint and look only to the allegations contained therein. *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).

Prior to joining the MTA Police Department, Plaintiff was employed as a Police Officer with the New York City Police Department ("NYPD"). *Id*. ¶ 22. Plaintiff alleges that during his career as a Police Officer at both the NYPD and MTA Police Departments he has had no disciplinary history and received six commendations. *Id.* ¶¶ 24–25. In connection with his employment with MTA, Plaintiff has served as a Field Training Officer and has completed six training courses in topics ranging from active shooter scenarios and terrorist threats to collision investigation and executive protection. *Id.* ¶¶ 27, 29.

Plaintiff contends that on five separate occasions between 2004 and August 2015, he submitted an application for internal promotion and was rejected, despite being qualified for the positions to which he applied, as a result of discrimination on the basis of his national origin and gender. *Id*. ¶¶ 30–32, 62. In 2004, Plaintiff applied for a position in the Highway Unit. *Id*. ¶ 46. Plaintiff was rejected for the position and asserts that he was more qualified than the successful applicant. *Id.* ¶ 48. In 2008, Plaintiff applied for a position with the Anti-Crime Counter-Terrorism Unit and was not selected. *Id.* ¶¶ 54–55.

On three separate occasions in 2007, 2010 and 2015[2], Plaintiff applied for a Detective position. *Id*. ¶¶ 31–57. Plaintiff asserts that although he was qualified for each of the three promotions, he was rejected on each occasion. *Id*. ¶¶ 32–58. Three other Hispanic males applied for the Detective position in 2015 in addition to Plaintiff. *Id.* ¶¶ 42–44. None were selected. *Id*. In connection with the 2015 position, Plaintiff was recommended for Detective by his supervisor. *Id*. ¶ 33. Plaintiff was interviewed for the position. *Id.* ¶ 34. However, Plaintiff does acknowledge that certain applicants for the 2015 position attended detective school,

---

[2] Although unclear, the Court construes MTA's failure to select Plaintiff for the position of Detective in 2015 and selection of "another individual to the position of Detective" in 2016, Am. Compl. ¶ 65, as part of the same application the Plaintiff submitted in 2015. Defendant argues that in regard to "the promotion to the rank of Detective in 2016 . . . the Plaintiff does not allege he submitted any separate application." Def. Mem. at 2. Plaintiff does not dispute this. *See generally* Pl. Mem.

2

specifically one Caucasian male and one Hispanic male, and Plaintiff does not claim to have attended that program. *Id.* ¶¶ 41–43. He alleges that no Hispanic male was promoted to Detective during these three application cycles, although in 2015 two of the six successful applicants were members of a protected class: a Hispanic female and an African American male. *Id*. at ¶¶ 35–39, 53–59. Plaintiff alleges that there are only two Hispanic males in the MTA's 30-person Detective Unit and that no Hispanic men have been promoted to detective in at least ten years. *Id.* ¶ 60–61.

## II. Procedural History

In February 2016, Plaintiff filed a complaint with the EEOC alleging discrimination on the basis of gender and national origin. *Id*. ¶ 12. The EEOC issued him a dismissal and a right to sue letter on October 24, 2016. *Id*. ¶ 14. Plaintiff filed his initial Complaint in this action on December 12, 2016 and filed an Amended Complaint on May 4, 2017. Plaintiff alleges that the MTA discriminated against him on the basis of national origin and gender by not promoting him on the five aforementioned occasions in violation of Title VII, the NYSHRL, and the NYCHRL.

## III. Legal Standard

### A. Rule 12(b)(6) Motion to Dismiss Standard

When ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014). The Court is not required to credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007)); *see also id.* at 681 (citing *Twombly*, 550 U.S. at 551). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). More specifically, the plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 680.

The question in a Rule 12 motion to dismiss "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 615 (S.D.N.Y. 2012) (quoting *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995)) (internal quotation marks omitted). "[T]he purpose of Federal Rule of Civil Procedure 12(b)(6) 'is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits,'" and without regard for the weight of the evidence that might be offered in support of Plaintiff's claims. *Halebian v. Berv*, 644 F.3d 122, 130 (2d Cir. 2011) (quoting *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006)).

**B. Statute of Limitations for Claims Pursuant to Title VII, NYSHRL and NYCHRL**

In order to file suit under Title VII, a plaintiff must first file a timely charge with the Equal Employment Opportunity Commission (EEOC). *See Riddle v. Citigroup*, 449 F. App'x 66, 69 (2d Cir. 2011). In New York, a Title VII claim must be brought before the EEOC within 300 days of the alleged unlawful conduct in order to be considered timely. *See* 42 U.S.C. §

2000e-5(e)(1); 29 U.S.C. § 626(d)(1)(B); *see also Harris v. City of New York*, 186 F.3d 243, 247 n.2 (2d Cir. 1999) (noting that "the existence of [the NYSHR] makes New York a so-called deferral state for Title VII" purposes, such that the 300-day limitations period governs). "A claim is time barred if it is not filed within these time limits." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002).

The statute of limitations under the NYSHRL and NYCHRL is three years. *Russo v. New York Presbyterian Hosp.*, 972 F. Supp. 2d 429, 445 (E.D.N.Y. 2013); N.Y. C.P.L.R. § 214(2); N.Y.C. Admin. Code § 8–502(d); *see also Sotomayor v. City of New York*, 862 F.Supp.2d 226, 248–49 (E.D.N.Y.2012), *aff'd*, 713 F.3d 163 (2d Cir.2013). Under both NYSHRL and NYCHRL, the statute is tolled between the filing of a complaint with the EEOC or state agency and the issuance of a right-to-sue letter. *Russo*, 972 F. Supp. 2d at 445.

## IV. Discussion

### A. Four of Plaintiff's Claims are Time-Barred

Plaintiff filed a charge with the EEOC on February 22, 2016. Am. Compl. ¶12. As such, any alleged violations of Title VII that occurred prior to April 28, 2015 fall outside of the 300-day statute of limitations period and are therefore time-barred. Applying the three year statute of limitations under NYSHRL and NYCHRL, any alleged violations prior to February 22, 2013[3] fall outside the three-year statute of limitations period and are also time-barred. *See Soloviev v. Goldstein*, 104 F. Supp. 3d 232, 246 (E.D.N.Y. 2015), *appeal dismissed* (Oct. 29, 2015). Thus, under Title VII, NYSHRL and NYCHRL, four out of the five allegations of discrimination relating to MTA's failure to promote Plaintiff are time barred: the position in the Highway Unit

---

[3] Defendant uses April 11, 2013 as the operative date for time-barred claims. Def. Mem. at 7. Although it is unclear why Defendant uses this date, the difference is immaterial because the time-barred claims fall well outside either date.

5

in 2004; the position in the Anti-Crime Counter-Terrorism Unit in 2008; and the Detective positions in 2007 and 2010.

Plaintiff suggests that these four claims are saved by the "continuing violation" doctrine. *See* Pl. Mem. at 10 (arguing that "[a]ll of plaintiff's claims should be considered timely. Defendant's argument should be rejected under the 'continuing violation' exception to Title VII cases."). The continuing violation doctrine provides that "[w]here a plaintiff can demonstrate an ongoing or continuing violation . . . the plaintiff is entitled to bring suit challenging all conduct that was part of the violation, even conduct that occurred outside the limitations period." *Ruane v. Cnty. of Suffolk*, 923 F. Supp. 2d 454, 459 (E.D.N.Y. 2013) (internal quotation marks omitted). However, this "doctrine does not apply to discrete acts, but only to ongoing circumstances that combine to form a single violation that cannot be said to occur on any particular day." *Kellogg v. N.Y. State Dep't of Corr. Servs.*, No. 07-cv-2804 (BSJ), 2009 WL 2058560, at *1 (S.D.N.Y. July 15, 2009). "Termination, failure to promote, and refusal to hire are considered 'discrete acts' which are 'easy to identify' and claims based on each are barred if not timely filed." *Valtchev v. City of New York*, 400 F. App'x 586, 588 (2d Cir. 2010) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002)).

In the present case, Plaintiff's discrimination claim is based on Defendant's failure to promote him on five separate occasions, each considered a discrete act that occurred on a specific date and was not part of a longstanding practice. *See Valtchev v. City of New York*, 400 F. App'x 586, 588–89 (2d Cir. 2010) (finding that plaintiff's allegations of being "denied promotions and advancements" and other retaliatory events did not constitute a "long-standing policy and practice" and therefore did not trigger the continuing violations doctrine).

Plaintiff incorrectly relies on *National R.R. Passenger Corp v. Morgan*, 536 U.S. 101 (2002) in support of his argument that the four claims should be considered timely. *Morgan's* holding concerned a hostile work environment claim, not discrete acts of discrimination, and therefore is distinguishable from a failure to promote claim. Hostile work environment claims can fall within the continuing violation exception because they are "different in kind from discrete acts. Their very nature involves repeated conduct. . . . Such claims are based on the cumulative effect of individual acts." *Morgan*, 536 U.S. at 115. Furthermore, *Morgan* expressly held that the continuing violation doctrine does not apply to discrete acts. *Morgan*, 536 U.S. at 105 (holding that Title VII "precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period").

Plaintiff suggests that Defendant's discrete acts in failing to promote him were part of an ongoing "course of discriminatory conduct" and therefore subject to the continuing violation doctrine. *See* Am. Compl. ¶ 63. However, it is well settled in the Second Circuit that "[d]iscrete acts of this sort, which fall outside the limitations period, cannot be brought within it, even when undertaken pursuant to a general policy that results in other discrete acts occurring within the limitations period." *Chin v. Port Auth. of New York & New Jersey*, 685 F.3d 135, 157 (2d Cir. 2012). Consequently, "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 79 (2d Cir. 2015) (citing *Morgan*, 536 U.S. at 113). As such, the continuing violation doctrine cannot save Plaintiff's four time-barred failure-to-promote claims from dismissal.

B. **Claims Pursuant to Title VII**

  i. **Analytical Framework for Discrimination under *McDonnell Douglas***

Plaintiff's surviving Title VII claim is properly analyzed under the three-step burden-shifting framework set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Littlejohn v. City of N.Y.*, 795 F.3d 297, 312 (2d Cir. 2015) (applying *McDonnell* framework to Title VII); *Petrosino v. Bell Atl.*, 385 F.3d 210, 226 (2d Cir. 2004) (applying *McDonnell* framework to failure to promote claim). Under the *McDonnell Douglas* framework, a plaintiff alleging discrimination under Title VII must first demonstrate a *prima facie* case of discrimination. *McDonnell Douglas*, 411 U.S. at 802. The Second Circuit has explained that a plaintiff's burden at the motion to dismiss stage is *de minimus*. *See Littlejohn*, 795 F.3d at 312 (noting that "reduced *prima facie* requirements [ ] arise under *McDonnell Douglas* in the initial phase of a litigation").

If a plaintiff successfully presents a *prima facie* case of discrimination, the defendant must then rebut the presumption by offering legitimate and non-discriminatory reasons for the adverse employment action demonstrated in plaintiff's *prima facie* case. *Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 468 (2d Cir. 2001) (citing *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981)). "The employer need not *persuade* the court that it was motivated by the reason it provides; rather, it must simply articulate an explanation that, if true, would connote lawful behavior." *Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 52 (2d Cir. 1998) (emphasis in original).

Under the third step of the *McDonnell Douglas* framework, the burden then shifts back to the plaintiff to prove intentional discrimination by a preponderance of the evidence. *Fields v. N.Y. State Office of Mental Retardation & Developmental Disabilities*, 115 F.3d 116, 121 (2d

Cir. 1997). It is important to note that courts must review a plaintiff's evidence at this step "as a whole" rather than in a piecemeal fashion. *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 102 (2d Cir. 2001). "No one piece of evidence need be sufficient, standing alone, to permit a rational finder of fact to infer that a defendant's employment decision was more likely than not motivated in part by discrimination." *Walsh v. New York City Hous. Auth.*, 828 F.3d 70, 76 (2d Cir. 2016).

To survive a motion to dismiss under Title VII, "what must be plausibly supported by facts alleged in the complaint is that the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Littlejohn*, 795 F.3d at 311; *see also DeVore v. Neighborhood Hous. Servs. of Jamaica Inc.*, No. 15 Civ. 6218 (PKC), 2017 WL 1034787, at *4 (E.D.N.Y. Mar. 16, 2017) ("At the pleading stage, a plaintiff does not need to prove discrimination, or even allege facts establishing every element of the *McDonnell Douglas prima facie* case, but the facts alleged must give plausible support to the reduced requirements of the *prima facie* case.") (citing *Littlejohn*, 795 F.3d at 311) (internal quotation marks omitted). Courts making the plausibility determination should do so "mindful of the elusive nature of intentional discrimination" and the frequency by which plaintiffs must "rely on bits and pieces of information to support an inference of discrimination, *i.e.*, a mosaic of intentional discrimination." *Vega*, 801 F.3d at 86 (internal citations and quotation marks omitted).

    ii.    **Discrimination: Failure to Promote**

To establish a discrimination claim based on Defendant's failure to promote, Plaintiff must demonstrate that (1) he is a member of a protected class; (2) he applied and was qualified for a job for which the employer was seeking applicants; (3) he was rejected for the position; (4)

the position remained open and the employer continued to seek applicants having his qualifications. *Petrosino*, 385 F.3d at 226. With respect to the third element, the Second Circuit has held that a plaintiff must establish that he was "rejected under circumstances which give rise to an inference of unlawful discrimination." *Aulicino v. N.Y.C. Dep't. of Homeless Servs.*, 580 F.3d 73, 80 (2d Cir. 2009) (quoting *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 710 (2d Cir. 1998).

It is undisputed that Plaintiff is a member of a protected class. Regarding Plaintiff's surviving claim, Defendant has two primary arguments: (1) Plaintiff has not pled facts sufficient to establish his qualifications and (2) Plaintiff's allegations do not give rise to a plausible inference of discrimination.

In regard to Defendant's first argument, the Court finds that Plaintiff provides facts sufficient to establish his qualifications under the standard announced by *Littlejohn*. Plaintiff states that his "experience, knowledge and training made him well qualified for the position of Detective." Am. Compl. ¶ 32. Plaintiff points to several items as evidence of his qualifications. Plaintiff notes six specific commendations he has received, six "successfully completed" training courses, receipt of "numerous complimentary letters," an assignment as a Field Training Officer, and that his "employment history has been good" and without any disciplinary history. Am. Compl. ¶¶ 24–29. Most importantly, Plaintiff asserts that his "supervisor recommended that he be chosen for this promotion" and he was in fact interviewed for the 2015 Detective position, which presumably suggests that he passed a preliminary qualifications screening. Am. Compl. ¶¶ 33–34.

Neither Plaintiff nor Defendant speaks to the qualifications required for the Detective position that Plaintiff applied for in 2015. However, Defendant does not contend that Plaintiff

was unqualified.  The Second Circuit has instructed that "McDonnell Douglas requires only a minimal showing of qualification." *Owens v. New York City Hous. Auth.*, 934 F.2d 405, 409 (2d Cir. 1991).  At the pleading stage, this Court must draw all inferences in favor of the Plaintiff and take Plaintiff's allegations as true.  The facts alleged above are sufficient to support this minimal showing.

### iii. Plausible Inference of Discriminatory Intent

Defendant's second argument is that Plaintiff has failed to plead enough facts to lead to a plausible inference of discrimination.  In the absence of an express discriminatory statement, a plaintiff may support an inference of discrimination by demonstrating that similarly situated employees outside of plaintiff's protected class were treated more favorably.  *Norville v. Staten Island Univ. Hosp.*, 196 F.3d 89, 95 (2d Cir.1999).  Importantly, "[t]o support such an inference, a complaint 'must compare' the plaintiff to employees who are 'similarly situated in all material respects.'  *Brodt v. City of New York*, 4 F. Supp. 3d 562, 570 (S.D.N.Y. 2014) (quoting *Norville*, 196 F.3d at 95).

Plaintiff does not allege facts sufficient to nudge his discrimination claim over the line from "conceivable" to" plausible." *Marcus v. Leviton Mfg. Co., Inc.*, 661 F. App'x 29, 32 (2d Cir. 2016).  He does not plead "sufficient factual circumstances" regarding his skill or experience as compared to the successful applicants "from which a gender [and national origin] based discrimination can be inferred." *Grant v. New York Times Co.*, No. 16-CV-03175 (PKC), 2017 WL 4119279, at *4–6 (S.D.N.Y. Sept. 14, 2017).  Although a "plaintiff does not need substantial evidence of discriminatory intent" a plaintiff does need "minimal support for the proposition that the employer was motivated by discriminatory intent." *Littlejohn*, 795 F.3d at 311.

For example, in *Mandell v. Cty. of Suffolk*, 316 F.3d 368 (2d Cir. 2003), the Second Circuit concluded that plaintiff successfully established an inference of discrimination through a showing of disparate treatment. The Court highlighted that the plaintiff "adduced enough evidence to support a finding that the promoted officers and plaintiff were sufficiently similarly situated" in alleging that "Mandell and the promoted officers were all qualified and Mandell had greater or comparable seniority." *Mandell*, 316 F.3d at 379. In contrast, Plaintiff in the present case has not pled any facts about the qualifications and seniority of the successful applicants as compared to himself. Without these facts to support his conclusion, Plaintiff provides "no more than 'naked assertions devoid of further factual enhancement' and does not allow the court to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Marcus*, 661 F. App'x at 32 (citing *Iqbal*, 556 U.S. at 678).

Likewise, in *Littlejohn*, the plaintiff specifically pled comparative facts that allowed the Court to draw an inference of discrimination. Littlejohn alleged that upon demotion her replacement was someone outside her protected class and was "less qualified for the position" with "no prior EEO experience" and was previously the director of a unit that had nothing to do with EEO matters. *Littlejohn*, 795 F.3d at 313 (internal quotation marks omitted). District courts have continuously held and the Second Circuit recently reaffirmed that "adverse actions taken against employees who are not similarly situated cannot establish an inference of discrimination." *Littlejohn,* 795 F.3d at 312 (recognizing "that a plaintiff attempting to show that the employer treated [her] less favorably than a similarly situated employee outside [her] protected group . . . must show she was similarly situated in all material respects to the individuals with whom she seeks to compare herself." (quoting *Mandell*, 316 F.3d at 379 (internal quotation marks omitted)). In the present case, Plaintiff does not allege facts of this sort

12

that "show [he] was similarly situated in all material respects to the individuals with whom [he] seeks to compare [him]self." *Littlejohn*, 795 F.3d at 312.

Plaintiff does provide two forms of statistical evidence upon information and belief. First, he states "upon information and belief, [that] there are approximately thirty (30) Detectives in the MTA Police Department and only two (2) are Hispanic males." Am. Compl. ¶ 60. Second, Plaintiff asserts that "[u]pon information and belief, defendant has not selected a Hispanic male to the position of Detective in at least ten years, despite selecting approximately twenty individuals to the position of Detective within that time. *Id.* ¶ 61.

The Supreme Court has made "clear that '(s)tatistical analyses have served and will continue to serve an important role' in cases in which the existence of discrimination is a disputed issue." *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 339 (1977) (citing *Mayor of Philadelphia v. Educational Equality League*, 415 U.S. 605, 620 (1974)); *see also McDonnell Douglas*, 411 U.S. at 805. *Int'l Bhd. of Teamsters* also affirmed the use of statistics as "competent in proving employment discrimination," cautioning only that "like any other kind of evidence, they may be rebutted [and]… their usefulness depends on all of the surrounding facts and circumstances." *Int'l Bhd. of Teamsters*, 431 U.S. at 339-340. While statistics can be helpful in establishing an inference of discrimination, they do not obviate the requirement that Plaintiff's complaint allege that he is similarly situated in all material respects to the individuals who were ultimately chosen.

Taking Plaintiff's allegations as true as required at this stage of litigation, that he was qualified for the detective position tells us nothing of the other candidates' relative qualifications. The Court therefore finds that Plaintiff has not pled sufficient facts to support a plausible inference of a discriminatory motive. Although the burden on a plaintiff to show an inference of

discrimination is minimal at this stage of litigation, for the aforementioned reasons Plaintiff does not plead sufficient facts to meet even this low burden. Accordingly, Plaintiff's Title VII claims are dismissed, without prejudice to file an amended complaint addressing these deficiencies.

### C. NYSHRL and NYCHRL Claims

Defendant also moves to dismiss Plaintiff's state and city law claims. Where, as here, all federal law claims are eliminated before trial, the "traditional 'values of judicial economy, convenience, fairness, and comity'" weigh in favor of declining to exercise supplemental jurisdiction over any remaining state and city law claims. *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Having dismissed Plaintiff's sole federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state and city law claims. 28 U.S.C. § 1367(c)(3). Thus, they are likewise DISMISSED without prejudice.

### V. Conclusion

For the reasons set forth above, Plaintiff's Amended Complaint is DISMISSED without prejudice. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 21.

It is SO ORDERED.

Dated: November 15, 2017
New York, New York

Edgardo Ramos, U.S.D.J.