UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS FELIZ,

                Plaintiff,

- against -

METROPOLITAN TRANSPORTATION
AUTHORITY,

                Defendant.

**OPINION AND ORDER**

16 Civ. 9555 (ER)

Ramos, D.J.:

Plaintiff Luis Feliz ("Plaintiff" or "Feliz") brings this action against his employer, Metropolitan Transportation Authority ("Defendant"), alleging employment discrimination on the basis of his gender and national origin. Feliz alleges that Defendant's failure to promote him on three separate occasions constitutes a violation of Title VII of the Civil Rights Act of 1964, New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL").

On November 17, 2017, the Court granted Defendants' motion to dismiss the amended complaint without prejudice on the basis that Plaintiff did not allege facts sufficient to nudge his discrimination claim over the line from "conceivable" to "plausible." *See* Doc. 27 at 11, (the "Order").[1] Specifically, the Court concluded that Plaintiff failed to plead "sufficient factual circumstances regarding the skill or experience of Plaintiff as compared to the successful applicants" he claims were treated more favorably than he was. *Id.* Without such allegations,

---

[1] The facts and procedural history of this case are discussed in the Order, familiarity with which is presumed.

the Court concluded that Plaintiff's claim of disparate treatment did not plausibly support an inference of discrimination. *Id.* (quotation marks and alterations omitted). Plaintiff now moves pursuant to Local Civil Rule 6.3 for reconsideration of the Order, arguing that Plaintiff's pleading is sufficient or, in the alternative, seeking limited discovery regarding the qualifications of successful applicants such that he may plead with greater particularity his comparative qualifications. Doc. 28. For the reasons set forth below, Plaintiff's motion is DENIED.

### I. Legal Standard

Rule 6.3 of the Local Civil Rules for this District provides for reconsideration of a court's order on a motion only where the court has overlooked controlling decisions or factual matters that were "put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008) (quoting *Greenwald v. Orb Commc'ns & Mktg., Inc.*, No. 00 Civ. 1939 (LTS) (HBP), 2003 WL 660844, at *1 (S.D.N.Y. Feb. 27, 2003)); *see also* Local R. 6.3. Under such circumstances, a motion for reconsideration may be granted "to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted). "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). Local Rule 6.3 is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Mikol*, 554 F. Supp. 2d at 500 (quoting *Dellefave v. Access Temps., Inc.*, No. 99 Civ. 6098 (RWS), 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001)) (internal quotation marks

omitted). "Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied." *Id.* (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

Whether to grant or deny a motion for reconsideration lies within the sound discretion of the district court. *Premium Sports Inc. v. Connell*, No. 10 Civ. 3752 (KBP), 2012 WL 2878085, at *1 (S.D.N.Y. June 11, 2012) (citing *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

## II. Discussion

### A. Reconsideration

Plaintiff's motion for reconsideration may be disposed of with little discussion. Aside from requesting reconsideration, Plaintiff does not even suggest that the Court overlooked any factual or legal issues. *See* Doc. 30 at 1. Thus, Plaintiff has failed to advance any basis on which reconsideration could conceivably be granted, and his request for this extraordinary remedy is therefore denied.

### B. Limited Discovery

In the instant action, Plaintiff has not alleged any actions by Defendant that directly indicate racial or gender bias. Rather, Plaintiff's claim of discrimination rests solely on the allegation that he was treated less favorably than similarly situated employees. Doc. 18 ¶ 66. As noted above, the Court dismissed Plaintiff's amended complaint on the basis that, in pleading his claim of disparate treatment, he had not alleged facts sufficient to plausibly give rise to an inference of discrimination. Order at 11. This was because Plaintiff's claim that he was more qualified than similarly situated employees was totally conclusory. Order at 12 ("Plaintiff provides no more than naked assertions devoid of further factual enhancement and does not allow the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged.") (quotation marks and citation omitted); *see Littlejohn v. City of New York*, 795 F.3d 297, 312 (2d Cir. 2015) (noting that "adverse actions taken against employees who are not similarly situated cannot establish an inference of discrimination") (citing *Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003) (explaining that a plaintiff attempting to "show that the employer treated her less favorably than a similarly situated employee outside her protected group . . . must show she was similarly situated in all material respects to the individuals with whom she seeks to compare herself.") (internal quotation marks and alterations omitted)).

Plaintiff now contends that aside from generally "believing that he was more qualified," he has no information or belief to support that claim. *Id.* at 2 ("The only way that plaintiff may satisfy the Court's concern is for him to have access to the successful candidates' applications for Detective."). He therefore asserts that he is entitled to limited discovery so that he can plead with greater particularity that similarly situated employees—i.e., employees of comparable rank, skill, tenure, or experience—outside of his protected class were treated more favorably than he was. *Id.* Plaintiff, however, cites to no case law to support his entitlement to such discovery.

On the contrary, courts have made clear that where a "plaintiff [is] armed with nothing more than conclusions," the Federal Rules' pleading requirements "do[] not unlock the doors of discovery." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *see also Dotson v. Griesa*, 398 F.3d 156, 159 (2d Cir. 2005) ("[A] plaintiff is not entitled to discovery if his pleadings are fatally and incurably defective as a matter of law."). To be clear, the Court is not requiring Plaintiff to *prove* that his qualifications are in fact superior to individuals promoted over him, or that those individuals are in fact similarly situated to him in all material respects. If Plaintiff has a good-faith basis for claiming that he was more qualified than similarly situated employees who were

4

ultimately promoted over him, he is entitled to amend his complaint to allege, on information and belief, the factual basis for that claim. Assuming those allegations are more than mere conclusions, the Court is obligated to accept them as true. *See Iqbal*, 556 U.S. at 679 (noting that mere "conclusions[] are not entitled to the assumption of truth," that conclusions "must be supported by factual allegations," and that only "well-pleaded factual allegations" are entitled the "assum[ption] [of] veracity"). This is not a herculean task; and Plaintiff is not entitled to discovery for the purpose of making his claim of discrimination appear more plausible than he himself understands it to be. If, on the other hand, Plaintiff has no basis for claiming that he was more qualified than the individuals promoted over him, then he cannot in good faith plausibly claim that Defendant's actions were motivated by discriminatory animus, and his claim must fail.

### III. Conclusion

For the reasons set forth above, Plaintiff's motion for reconsideration and request for limited discovery is DENIED. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 28.

SO ORDERED.

Dated: April 6, 2018
       New York, New York

                                                      Edgardo Ramos, U.S.D.J.